UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MARK SANFORD,

                    Plaintiff,                                   Case No: 13-11929

vs.                                                   HON. AVERN COHN

QUICKEN LOANS,

                    Defendant.

_____/

**MEMORANDUM AND ORDER DENYING DEFENDANT'S**
**MOTION FOR PARTIAL SUMMARY JUDGMENT (Doc. 13)**

**I. INTRODUCTION**

This is an employment case. Plaintiff Mark Sanford (Sanford) is suing defendant

Quicken Loans (Quicken), his former employer, for discriminating against, and ultimately

terminating him because of his age–47-years-old–and disability–dyslexia–in violation of the

Americans With Disabilities Act (ADA), 42 U.S.C. § 12101, *et seq.*, the Persons With

Disabilities Civil Rights Act (PWDCRA), Mich. Comp. Laws § 37.1101, *et seq.*, the Age

Discrimination in Employment Act (ADEA), 29 U.S.C. § 621, *et seq.*, and the Elliot-Larsen

Civil Rights Act (ELCRA), Mich. Comp. Laws § 37.2101, *et seq.* Sanford's complaint is in

eight counts:

Count I        Violation Of The ADA
                      Disability Discrimination–Failure to Accommodate

Count II       Violation Of The ADA
                      Disability Discrimination–Termination

Count III      Violation of the ADA
                      Disability Discrimination–Hostile Work Environment

Count IV      Violation of PWDCRA

Disability Discrimination–Failure to Accommodate

Count V        Violation of PWDCRA
               Disability Discrimination–Termination

Count VI       Violation of PWDCRA
               Hostile Work Environment

Count VII      Violation of the ADEA

Count VIII     ELCRA

Now before the Court is Quicken's motion for partial summary judgment on counts IV through VIII (Doc. 13). After the motion was filed, the parties stipulated to the dismissal with prejudice of Sanford's state law claims (counts IV, V, VI, and VIII). *See* (Doc. 19). Thus, still remaining is Quicken's motion for partial summary judgment on count VII (Violation of the ADEA), only. Quicken argues that Count VII should be dismissed because it is barred by a shortened one-year limitations period contained in Sanford's employment agreement with Quicken. The remaining counts are not challenged.

For the reasons that follow, Quicken's motion is DENIED.

## II. BACKGROUND

Sanford generally alleges that Quicken discriminated against him because of his age and disability.

As part of Sanford's employment with Quicken, on August 15, 2005, he signed an Amended & Restated Mortgage Banker Employment Agreement (the employment agreement). The employment agreement provided a shortened limitations period for any employment-related claims Sanford could bring against Quicken:

You [Sanford] agree that any legal or administrative action or lawsuit: . . . (b) relating to your termination, resignation, or separation of employment; or (c) relating to or arising out of your employment relationship with the Company (including but not

2

limited to, any and all claims for compensation, commissions or employment discrimination or harassment or claims based upon a violation of any other labor-or employment-related state, federal, labor or common law) must be commenced (if at all) **within 1 year after the date you knew or should have known the claim accrued** (whichever is the first to occur) or within the applicable statutory limitations period, whichever time is shorter. You acknowledge and voluntarily waive any statutes or periods of limitations to the contrary **and specifically acknowledge that the time period of 1 year is reasonable.**

(Doc. 13-3 at 10, Employment Agreement) (emphasis added).

On January 18, 2011, 81 days after his October 29, 2010 termination from employment with Quicken, Sanford filed a charge of discrimination with the Equal Employment Opportunity Commission (EEOC). In the charge Sanford stated, in part:

I believe I was demoted and subsequently discharged due to my disability and my age, 47, in violation of the Americans with Disabilities Act of 1990, as amended and the Age Discrimination in Employment Act of 1967, as amended.

(Doc. 13-4 at 2, EEOC charge).

On December 4, 2012, the EEOC determined that "there is reasonable cause to believe that the Americans with Disabilities Act of 1990, as amended and the Age Discrimination in Employment Act of 1967, as amended, have been violated. . . ." (Doc. 16-3 at 2, EEOC Letter). Thus, EEOC notified the parties that it "must attempt through conciliation to correct the effects of the illegal action." (*Id.*).

On January 14, 2013, Quicken contacted the EEOC and notified it that it was not interested in conciliation. (Doc. 16-4 at 2, EEOC Memo). The EEOC issued a right-to-sue letter on February 5, 2013. Sanford filed this case on April 30, 2013, approximately three months after the EEOC issued its right-to-sue letter, and two and a half years after his employment with Quicken was terminated.

3

## III. LEGAL STANDARD

The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).  A moving party may meet that burden "by 'showing'–that is, pointing out to the district court–that there is an absence of evidence to support the nonmoving party's case."  *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986).

Revised Rule 56 expressly provides that:

A party asserting that a fact cannot be or is genuinely disputed must support the assertion by:

(A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits, or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or

(B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support a fact.

Fed. R. Civ. P. 56(c)(1).

The revised Rule also provides the consequences of failing to properly support or address a fact:

If a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact as required by Rule 56(c), the court may:

(1) give an opportunity to properly support or address the fact;

(2) consider the fact undisputed for purposes of the motion;

(3) grant summary judgment if the motion and supporting materials–including the facts considered undisputed–show that the movant is entitled to it; or

(4) issue any other appropriate order.

Fed. R. Civ. P. 56(e).  "The court need consider only the cited materials, but it may

4

consider other materials in the record."  Fed. R. Civ. P. 56(c)(3).

When the moving party has met its burden under Rule 56, "its opponent must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986).  Ultimately a district court must determine whether the record as a whole presents a genuine issue of material fact, *id.* at 587, drawing "all justifiable inferences in the light most favorable to the non-moving party," *Hager v. Pike Cnty. Bd. of Ed.*, 286 F.3d 366, 370 (6th Cir. 2002).

## IV. ANALYSIS

Quicken seeks summary judgment on count VII (Violation of the ADEA) on the grounds that Sanford's employment agreement required his claim to be filed in court within one year after the date he knew or should have known his claim accrued.  He was terminated on October 29, 2010.  He did not file this case until April 30, 2013, two and one half years after he was terminated.

As will be explained, the limitation that Sanford file all legal claims within one year, regardless of the time it takes the administrative action to complete, is unenforceable. Quicken's argument that Sanford was required to simultaneously file a legal claim, while the EEOC administrative action was pending, is without merit.  A plaintiff alleging a violation of the ADEA is required by statute to first file an EEOC charge.  Accepting Quicken's argument under the facts of this case obstructs the administrative process and would preclude Sanford from obtaining a final administrative decision prior to initiating legal action. The one year limit to Sanford's ability to file a legal claim is, therefore, unenforceable.

Pursuant to 29 U.S.C. § 626(d)(1), "[n]o civil action may be commenced by an individual under this section until 60 days after a charge alleging unlawful discrimination

5

has been filed with the [EEOC]." Despite a pending EEOC claim, a civil action may be filed "at any time after 60 days have elapsed from the filing of the charge with the Commission . . . without waiting for a Notice of Dismissal or Termination to be issued." 29 C.F.R. § 1626.18(b). *See also Dekarske v. Fed. Express Corp.*, 294 F.R.D. 68 (E.D. Mich. 2013) (holding that a civil action may be commenced 60 days after the filling of an EEOC charge regardless whether a right to sue letter has issued). However, "[i]f the Commission becomes aware that the aggrieved person whose claim is the subject of a pending ADEA charge has filed an ADEA lawsuit against the respondent named in the charge, it shall terminate further processing of the charge . . . unless . . . [it is determined] that it would effectuate the purpose of the ADEA to further process the charge." 29 C.F.R. § 1626.18(d).

Sanford complied with the administrative regulations and filed an EEOC charge 81 days after his termination. It took the EEOC until February 2013 to issue Sanford a right to sue letter, over one year from the date of his termination. Therefore, it was impossible for Sanford to comply with the employment provision purportedly limiting his ability to file a legal claim without abandoning the EEOC proceedings. Many courts have held contractual provisions in Title VII, ADA, and ADEA cases to be invalid "when they do not allow sufficient time for the EEOC administrative process." *Mazurkiewicz v. Clayton Homes, Inc.*, ___ F. Supp. 2d ___, 2013 WL 3992248, at *5 (S.D. Tex. 2013) (collecting cases).

In *Dekarske*, *supra*, the court distinguished ADEA claims from Title VII cases in holding that the plaintiff was required to abandon his administrative claim by filing a lawsuit in order to fall within a six-month contractual limitation. The court stated:

[T]he ADEA, unlike Title VII, does not require a complainant to wait to receive a right

6

to sue letter before proceeding with a civil action. The ADEA requires a complainant to wait 60 days after *filing* a charge of discrimination with the EEOC before commencing a civil action. . . . 29 U.S.C. § 626(d). . . Thus, a complainant who files an EEOC charge and waits 60 days has satisfied all statutory preconditions to commencing a civil action under the ADEA.

*Dekarske*, 294 F.R.D at 78.

The problem with *Dekarske*'s reasoning, however, is that it effectively renders worthless the administrative process meant to streamline these cases and address unlawful employment practices. Therefore, the Court disagrees with *Dekarske*'s differentiation between Title VII and ADEA cases. The same rationale that applies in Title VII cases applies in ADEA cases. Forcing plaintiffs to file legal actions prior to the conclusion of an EEOC proceeding "would . . . circumvent the congressional enforcement scheme in which the EEOC is given first crack at resolving employment disputes prior to the filing of a lawsuit." *Mazurkiewicz*, *supra*, at *6 (citing *Mabry v. W. & S. Life Ins. Co.*, No. 1:03 CV 848, 2005 WL 1167002, at *3 (M.D.N.C. Apr. 19, 2005)). As the court stated in *Mabry*, "[t]his administrative scheme was carefully crafted by Congress, and requiring a party to file suit before the EEOC has an opportunity to review a charge would undermine and contravene the Congressionally-created scheme." 2005 WL 1167002, at *5 (citing *Perdue v. Roy Stone Transfer Corp.*, 690 F.2d 1091, 1094 (4th Cir. 1982); H.R. Rep. No. 92-238 (1971), *reprinted in* 1972 U.S.C.C.A.N. 2137, 2146). In addition, "requiring a party to prematurely file suit would unnecessarily increase the burden on the federal courts prior to the exhaustion of any administrative remedies, and would result in parallel claims pending before both the EEOC and the courts." *Id.* (citations omitted).

For these reasons, in a situation such as here where an employment agreement purportedly limits an ADEA plaintiff's ability to bring a legal action to one year, a plaintiff is

7

not required to file a legal action within one year if the EEOC action remains pending longer than one year.  An ADEA plaintiff must have a meaningful opportunity to complete the administrative process, which includes receiving a right to sue letter from the EEOC, prior to filing a legal action.  Any contractual provision that denies that right, such as the provision in this case, is unenforceable.

## V. CONCLUSION

For the reasons stated above, Quicken's motion for partial summary judgment was denied.  The case proceeds on counts I, II, and III (the ADA claims) and count VII (the ADEA claim).

SO ORDERED.

s/ Avern Cohn_____
UNITED STATES DISTRICT JUDGE

Dated:  January 24, 2014


I hereby certify that a copy of the foregoing document was mailed to the attorneys of record on this date, January 24, 2014, by electronic and/or ordinary mail.

s/ Carol Bethel for Sakne Chami_____
Case Manager, (313) 234-5160

8